UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STEVEN MONGER,

               Petitioner,               No. C 07-2812 PJH (PR)

   vs.                              **ORDER OF TRANSFER**

D. K. SISTO, Warden,

               Respondent.

_____/

     This is a habeas case which originally was filed in the United States District Court for the Eastern District of California.  That court transferred it here, saying that because petitioner was convicted in Alameda County, which is in this district, witnesses and evidence for ruling on the petition would be more readily available here.

     The petition contains three issues:  (1) a claim that the plea agreement was breached (a) when petitioner did not receive a timely parole hearing and (b) when the makeup of the parole board did not comply with California law as it was at the time of the plea; (2) that he should be allowed to withdraw his plea as a result of the alleged constitutional violations set out in issue one; and (3) that plea agreements are contracts which the state must perform.  Issues two and three do not appear to actually be grounds for relief; issue two goes to a remedy, and issue three is simply an abstract statement of the law.  There is no further explanation for the claims, except what can be derived from his statement of the facts.  Because in that statement he says that the violations upon which he bases the petition occurred after August 22, 2006, it might be inferred that his claim as to a delayed parole hearing relates to a hearing due on or after that date.  This inference is also

1   supported by his exhibit "B," which is his declaration.  It includes the statement that

2   "currently I am over due [sic] for my parole suitability hearing and have been advised by the

3   Board of Parole Hearings that I will not be appearing anytime [sic] before June of 2007."

4   The declaration is dated December 16, 2006.  It thus appears that the subject of the

5   petition is the Board's failure to provide petitioner with a parole hearing at some point in

6   2006.  Presumably the odd way in which the issue is cast – as a claim for breach of the

7   plea agreement – is an attempt to "federalize" what are at heart claims that state law was

8   violated.

9           Petitioner's issues go to the execution of petitioner's sentence, not his conviction.

10  Because he is incarcerated in the Eastern District, the case is more appropriately

11  considered there.  *See* Habeas L.R. 2254-3(a); *Dunne v. Henman*, 875 F.2d 244, 249 (9th

12  Cir. 1989) (district of confinement is preferable forum to review execution of sentence).

13  This petition is **TRANSFERRED** to the United States District Court for the Eastern District

14  of California.  *See* 28 U.S.C. § 1404(a); Habeas L.R. 2254-3(b).

15          Petitioner said in the petition that he had filed two other habeas cases, both in the

16  Eastern District and both claiming a violation of the plea agreement.  In consequence, in

17  the initial review order petitioner was ordered to show cause why this petition should not be

18  dismissed as second or successive.  His response lacks detail, but it appears he is

19  contending that the two previous cases were directed to alleged breaches of the plea

20  agreement which occurred before the 2006 breach which is the subject of this petition.

21  Because the case is being transferred to the Eastern District, the order to show cause is

22  **DISCHARGED** without prejudice to consideration of the "second or successive" issue by

23  that court.

24          **IT IS SO ORDERED.**

25  Dated:  May 21, 2008.                    _____

26                                                   PHYLLIS J. HAMILTON
                                                     United States District Judge

27  G:\PRO-SE\PJH\HC.07\MONGER812.OSC-P

2

United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

STEVEN MONGER,

                Petitioner,

  v.

D.K. SISTO et al,

                Respondent.

_____/

Case Number: CV07-02812 PJH

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 21, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Steven Matthew Monger E-58948
P.O. Box 4000
Vacaville, CA 95696

Dated: May 21, 2008

Richard W. Wieking, Clerk
By: Nichole Heuerman, Deputy Clerk

Steven Monger, CDCR#E-58948
P.O. Box 4000 (14-T2-Low)
Vacaville, CA 95696-4000

In Pro Per



**FILED**

AUG 2 7 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

STEVEN MONGER,

         Petitioner,

V.

D. K. SISTO, Warden,

         Respondent. /

Case No. C-07-2812 PJH (PR)

**PETITIONER'S RESPONSE TO THIS
COURT'S ORDER TO SHOW CAUSE
WHY THIS CASE SHOULD NOT BE
DISMISSED AS SUCCESSIVE**

## INTRODUCTION

The petitioner asserts and will herein demonstrate to this
court that the three petitions which he has filed are not successive
petitions. Case numbers 2:05-CV-00067-GEB-EFB, 2:06-CV-01302-GEB-DAD,
and C-07-2812 PJH (PR) (Presently before this Court) are all separate
and different violations which occurred at different times. Even though
all three petitions allege a violation of the plea contract they are
substantially different. The petitioner will explain below.

-1-

I.

## DIFFERENCES BETWEEN THE THREE PETITIONS
## AND WHY THEY ARE SUCCESSIVE PETITIONS

The petitioner filed his first petition, case no. 2:05-CV-00067-GEB-EFB, after he had obtained a sworn affidavit from his trial counsel, Mr. Paul Trudell, Alameda County Public Defender, retired, in which he declared that the petitioner had been promised by the Deputy District Attorney, Colton Carmine, that he would serve only between 8-10 years on his 15 to life sentence. **See Exhibit "A"**. Now, while the first petition was being litigated, Colton Carmine, Deputy District Attorney, appeared at the petitioner's parole suitability hearing and and argued that the petitioner's crime should be treated as a first degree murder and not the second to which he himself agreed to. Basically, promising one thing in order to get the petitioner to waive all of his rights to a jury trial and plead guilty and then he uses the parole process to obtain the greater conviction for which the petitioner was never accorded any due process whatsoever. Thus, usurping the petitioner's rights to Due Process. **See Exhibit "B"**.

Finally, petitioner then filed the petition at hand after he was denied his right to a timely parole suitability hearing by the Board of Parole Hearings. In the instant petition, petitioner is arguing that failure by the respondents to provide the petitioner with a timely hearing has resulted in a violation of the terms of the plea contract. It was not part of the contract that the respondents would be

-2-

able to violate state and federal laws in relation to his sentence. It was not part of the contract that the respondents would be able to deprive the petitioner of his liberty interest in a parole date without ever according him any due process whatsoever.

## IN CONCLUSION

As this Court can clearly see, all of the violations are substantially different, occurred at different times, nor could they have been discovered or raised all at once. Petitioner admits that at first glance it appears as if the petitioner has filed successive petitions, but he has not. He is simply attempting to hold the respondents to the terms of the contract. To be quite frank, at this point the respondents are the only ones who has received any benefit from the plea, whereas, the petitioner has not received any.

Therefore, petitioner respectfully request that he is allowed to proceed on the merits of his claims. Petitioner would like to thank this Court for it's time in this matter.

Respectfully Submitted,

Steven Monger

In Pro Per

-3-

## **VERIFICATION**

I, Steven Monger, hereby declares the following:

That I am the petitioner in this action and have read the foregoing response to the Judge's Order to Show Cause. The facts stated herein are true and factual of my own knowledge, except as to those matters that are therein stated on information and belief, and as to those matters I believe them to be true and correct copies of the originals. I do declare the foregoing under the penalty of perjury and in accordance with all of the laws of the State of California.

Dated this 18th day of August, 2007 in Vacaville, California.

Steven Monger
In Pro Per

# EXHIBIT A

A-F-F-I-D-A-V-I-T

DECLARATION OF PAUL R. TRUDELL IN SUPPORT OF PETITIONERS WRIT OF HABEAS
CORPUS

I, PAUL R. TRUDELL ON INFORMATION AND BELIEF UNDER PENALTY OF PERJURY ,
DECLARES AS FOLLOWS;

1. THAT I AM A MEMBER OF THE STATE BAR OF CALIFORNIA # 38876 ADMITTED TO
PRACTICE IN 1966 AND CERTIFIED AS A CRIMINAL LAW SPECIALIST SINCE 1973.

2. THAT I PRACTICED LAW AS AN ASSISTANT PUBLIC DEFENDER FOR THE COUNTY
OF ALAMEDA FROM ADMISSION TO THE BAR THROUGH SEPTEMBER NINTH, 1999
WHEN I RETIRED. DURING MY CAREER I REPRESENTED THOUSANDS OF CLIENTS
UNDER THE IN-DETERMINANT SENTENCING LAW AND LATER UNDER
DETERMINANT SENTENCING LAW. AS A PUBLIC DEFENDER I PERSONALLY
REPRESENTED BETWEEN 75 AND 100 INDIVIDUALS CHARGED WITH HOMICIDE .
SLIGHTLY OVER HALF CONCLUDED WITH THE ENTRY OF A PLEA OF GUILTY.

3. THAT I REPRESENTED STEVEN MONGER THROUGHOUT HIS PROCEEDINGS IN
ALAMEDA COUNTY OVER SEVERAL YEARS WHICH CONCLUDED WITH HIS
SENTENCE TO THE DEPARTMENT OF CORRECTIONS. I STILL FIELD QUESTIONS
BY ANSWERING COLLECT CALLS, AS HE NEGOTIATES HIS WAY THROUGH
PAROLE REVIEW AND HABEAS CORPUS.

4. THAT I HAVE READ THE ATTACHED EXHIBITS AND DECLARATIONS OF MARY
BLAIR AND STEVEN MONGER. I FIND THEM TO BE ACCURATE AS TO THE EVENTS

THAT TRANSPIRED THE DAY OF THE PLEA AGREEMENT IN REGARDS TO WHAT
THEY WERE PRIVY. I WOULD ONLY ADD TWO SMALL MODIFICATIONS;
FIRST THE EIGHT TO TEN YEARS DID NOT ORIGINATE WITH ME. IT WAS FIRST
STATED TO MARY BLAIR BY DEPUTY DISTRICT ATTORNEY MR. COLTON
CARMINE. I DID REPEAT IT IN THE PRESENCE OF BOTH MARY BLAIR AND
STEVEN MONGER LATER IN TIME BUT BEFORE THE PLEA WAS ENTERED. AND
SECOND, MR. COLTON CARMINE AND I BOTH ADDED A CAUTION THAT
THE PAROLE REVIEW MUST TAKE PLACE BEFORE A PAROLE DATE WOULD BE
SET.

5. THAT IN ESSENCE WE HAD A COMPETENT REASONABLE MINDED CAREER
PROSECUTOR WITH OVER 15 YEARS OF EXPERIENCE AND AN EQUALLY
SEASONED CAREER PUBLIC DEFENDER USING THE FACILITATION OF THE 20
YEAR OLD DEFENDANT'S MOTHER TO EFFECUATE A PLEA OF GUILTY BEFORE A
SECOND GENERATION EXPERIENCED JUDGE TO ACHIEVE JUSTICE AND AVOID A
COSTLY PROLONGED TRIAL. EVEN WITH EVERYONE IN THE COURTROOM
PLYING THEIR TRADE TO THE BEST OF THEIR ABILITY, WE LED STEVEN MONGER
TO 'A BOTTOMLESS PIT' WITHOUT HOPE. THIS IS A SUBSTANTIALLY DIFFERENT
POSITION THAN DOING EIGHT TO TEN YEARS.

6. THAT AT THE TIME NO ONE IN THE COURTROOM , COULD HAVE ANTICIPATED
THAT THE POLITICAL "ASPIRANTS" THROUGH INACTION OR INTERFERENCE
WOULD CAUSE THE APPOINTED "INDEPENDENT" PAROLE BOARD TO CEASE OR
DEFER THEIR REVIEW FUNCTION OF ORDERLY REVIEWING AND SETTING PAROLE
DATES. THIS HAS RESULTED IN VERY FEW PAROLE DATES BEING SET AND THE
FEW THAT WERE SET WERE RECALLED BY THE GOVERNOR.

7. THAT STEVEN MONGER IS ONE OF MANY CAUGHT IN THE PAROLE REVIEW SYSTEM. A SYSTEM THAT HAS DEGENERATED TO THE POINT OF FALLING BELOW MINIMUM STANDARDS FOR PROCEDURAL AND SUBSTANTIVE DUE PROCESS.

WHEREFORE AFFIANT JOINS STEVEN MONGER IN ASKING THE HONORABLE COURT TO GRANT A HEARING ON HIS WRIT OF HABEAS CORPUS. I WILL BE AVAILABLE FOR TESTIMONY AND CROSS EXAMINATION AT THE HEARING. THE COURT SHOULD INTERVENE WITH THIS TIMELY ISSUE AND CRAFT A REMEDY FOR STEVEN MONGER AND THOSE SIMILARLY SITUATED AND SET STANDARDS FOR REVIEW THAT MEET DUE PROCESS. I WOULD ASK THE COURT TO APPOINT AN EXPERIENCED APPELLATE ATTORNEY TO REPRESENT MR. MONGER.

OCTOBER 17, 2002                    PAUL R. TRUDELL

1/19/00

Parole Board Members.

C/o Stevens Monger

To be hand delivered. To counselor of Board Members.

Honorable Board Members.

As Steven Monger's Public Defender and attorney from the time he was arrested through his formal Sentencing I would like to offer for your consideration my comments and observations. I was present at the last Board hearing some years back but was denied the courtesy of attending or speaking on his behalf. I am Now retired after 33 years with the Alameda County Public Defender office.

Steven was a young immature adult who involved himself in the sales of drugs as an self concerned youth. Although he depended drugs due to a similar involvement with drugs, he and his redtbock - would steal many used drugs from various drug dealers, and then destroyed the drugs and gave the money to the homeless - a "Robin Hood concept". The killing occurred where the Victim slung incidents of a double - Page 4 front of a Phone booth was shot by the sidewalk who currently Forecast at the station. Steven obviously was guilty

of the act by Victor and testifying of denial
this.

His own attitude and outlook is clearly illustrated
in one of the counts of robbery where he was holding
The gun when an observed drug dealer ran into a house
deal he ran in after only to come face to face
with the dealer's Mother who was holding a long
gun pointed directly at him. There was a momentary standoff
off as Steven backed out of the house and left.
I feel this clearly showed the "Farkness" of this misguided
person.

I noticed the call for long periods of Time, even
at the risk of encounter with the time, of rip-with
other drug dealers who he and his partner had relieved
of drugs or ill gotten gain who were also housed in the
jail; because I wished time for him to gain maturity
before he would be sent to prison.

The case finally plead as a simple and degreed
case all other matters were dropped. Deputy District Attorney
Colton Carmine & I worked out the details and Both
Met with Steven Mother explaining to her and Steven
that he would do 8-10 years. With that the Plea
was entered. Mr Carmine was satisfied as was I,
making the best of a bad situation.

I have spent long hours with steven preparing
him for the acceptance of his plight and the change
and Maturity that must occur before he could be
released. In further discussions and letters I have
guided him and he has responded. I was concerned
with lack of Education - He got his GED. I was concerned
with his lack of a Trade. He Fell into Carpe

also a 45 year Union carpenter who publicly
myself up to be an attorney. He further responded.
He also Married an old friend and it has
produced a stable support something to look forward to.

As I compare where he is Now from
where I met him he clearly is a different
person. A person who has paid the immediate
price for an immature lark gone wrong.
I have told Steven that if he is reinstated
I will see to it that he gets on as a carpenter
with the Union. Work has Never been better as
the locals can't fill all of the requests for Men,
I have contacted Mr Carmine asked him
to recover his facts and to appear at the
Board Hearing if possible. I believe he and
I have no disagreement in what I have presented.
As a former of order Carmine Public Defender
I have Taken my job seriously to turn these
clients around that I see the possibility of
rehabilitating, knowing that many are not.
I feel Steven deserves a chance for a
date a first step in the Rehabilitation
process. I am confident he will not
let us down.

Sincerely

# EXHIBIT B

1

1                    P R O C E E D I N G S

2          **PRESIDING COMMISSIONER LAWIN:**  This is a

3     subsequent parole consideration hearing for Steven

4     Monger, CDC E-58948.  Mr. Monger was received in CDC

5     on June 25th, 1990 from the County of Alameda in case

6     number ALA94194 for violation of Penal Code section

7     187.  That's murder second, count number one.  Terms

8     of 15 years to life with a minimum eligible parole

9     date of December 22nd, 1997.  Today is August 2nd,

10    2000.  We're located at Folsom State Prison.  The

11    time is approximately 9:54 a.m.  As you know,

12    Mr. Monger, these hearings are tape recorded.  These

13    are the microphones in front of you.  So for voice

14    identification purposes for the transcription we

15    will go around the room, each of us will state our

16    first and last name, spelling our last name.  And

17    when we come to you, if you would also add your CDC

18    number.  I'll begin and go to my left.  Sharon

19    Lawin, L-A-W-I-N, Commissioner.

20         **DEPUTY COMMISSIONER SPEED:**  Deputy Commissioner

21    Marvin Speed, S-P-E-E-D.

22         **DEPUTY DISTRICT ATTORNEY CARMINE:**  Deputy

23    District Attorney Colton Carmine, C-A-R-M-I-N-E.

24         **ATTORNEY SKIPPER-DOTTA:**  Rhonda Skipper-Dotta,

25    S-K-I-P-P-E-R hyphen D-O-T-T-A, legal counsel for

26    Steven Monger.

27         **INMATE MONGER:**  Steven Monger, M-O-N-G-E-R, CDC

1    **PRESIDING COMMISSIONER LAWIN:**  Thank you.

2    **DEPUTY DISTRICT ATTORNEY CARMINE:**  Okay.  No,

3    that's all I have.  .

4    PRESIDING COMMISSIONER LAWIN:  Thank you.  .

5    Ms. Skipper-Dotta, any questions?

6    **ATTORNEY SKIPPER-DOTTA:**  No, no questions.

7    **PRESIDING·COMMISSIONER LAWIN:**  Mr. Carmine,

8    closing.

9    **DEPUTY DISTRICT ATTORNEY CARMINE:**  Yeah.  Just a

10   few comments and, again, I'm impresse with how

11   familiar the Board is with the information in the

12   reports.  And so there's not a whole lot of things I

13   can add.  I did write a letter a long time ago in

14   this case setting forth my summary of it because

15   this case pled in the trial court.  It was prepared

16   to go to trial on all the counts he was charged

17   with.  And for the position of stress and not

18   weakness, we offered Mr. Monger a plea bargain to a

19   charge of second degree murder when in fact -- and

20   then that's what he admitted.  Due to his age and

21   the fact that it was going to affect the outcome of

22   his co-participant and codefendant, what kind of

23   disposition he was going to make in his case.  But

24   as the Board is aware, any killing whether

25   intentional or unintentional, or even accident that

26   occurs in the commission of robbery is first degree

27   murder.  That's the law.  This was an interesting

1       IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

2                 IN AND FOR THE COUNTY OF ALAMEDA

3          BEFORE HONORABLE WILLIAM R. MCGUINESS, JUDGE

4                        DEPARTMENT NO. 6

5                           ---000---

6       THE PEOPLE OF THE STATE OF CALIFORNIA)
                                             )
7                                            )
                         PLAINTIFF           )
8                                            )    NO. 94194
                                             )    CHANGE OF
9                     VS.                    )      PLEA
                                             )
10      STEVEN MATTHEW MONGER,
                          DEFENDANT     ALAMEDA  F I L E D
11                                             COUNTY

12                                       MAR 22 1990

13                                   RENE C. DAVIDSON, County Clerk
                                     By _____

14

15      COURTHOUSE, OAKLAND, ALAMEDA COUNTY, CALIFORNIA

16            REPORTER'S TRANSCRIPT OF PROCEEDINGS

17         WEDNESDAY, MARCH 21, 1990 -- 10:00 A.M.

18

19

20

21

22

23                         ---000---

24                 A P P E A R A N C E S

25      FOR THE PEOPLE:   JOHN J. MEEHAN, DISTRICT ATTORNEY
                          BY:  COLTON CARMINE, DEPUTY
26
        FOR THE DEFENDANT:   JAY B. GASKILL, PUBLIC DEFENDER
27                           BY:  PAUL TRUDELL, ASSISTANT

28

1

1            P R O C E E D I N G S

2            WEDNESDAY, MARCH 21, 1990 -- 10:00 A.M.

3                          --o0o--

4            THE COURT:  THE COURT WILL CALL THE

5    MATTER OF THE PEOPLE OF THE STATE OF CALIFORNIA VS.

6    STEVEN MATTHEW MONGER.

7            THIS MATTER WAS SENT FORWARD PREVIOUSLY FROM

8    DEPARTMENT 1 TO THIS DEPARTMENT FOR PURPOSES OF JURY

9    TRIAL AND THE MATTER HAS BEEN TRAILING IN THIS

10   DEPARTMENT OTHER MATTERS THAT HAVE PRECEDED IT FOR

11   TRIAL.

12           THIS DEPARTMENT NOW IS AVAILABLE FOR PURPOSES

13   OF A HEARING IN THIS MATTER.  HOWEVER, THE COURT HAS

14   BEEN ADVISED BY COUNSEL THAT THERE IS AN ANTICIPATED

15   OR PROPOSED DISPOSITION IN THIS MATTER AND AT THIS

16   TIME WHAT I WOULD REQUEST IN A MOMENT MR. CARMINE --

17   AND THE RECORD WILL REFLECT THAT MR. MONGER IS

18   HERE.  HE IS REPRESENTED BY HIS ATTORNEY MR. TRUDELL

19   AND MR. CARMINE IS HERE ON BEHALF OF THE PEOPLE.

20           AND MR. MONGER, I WOULD SAY TO YOU, SIR, WHAT

21   I INTEND TO DO IS AS FOLLOWS.  I'M GOING TO ASK

22   MR. CARMINE TO STATE HIS UNDERSTANDING OF WHAT THE

23   PROPOSED DISPOSITION OR AGREEMENT IS IN YOUR CASE

24   AND MR. TRUDELL WILL BE LISTENING CAREFULLY AND I'M

25   GOING TO ASK YOU TO LISTEN CAREFULLY, BECAUSE WHEN

26   MR. CARMINE IS THROUGH I'LL ASK YOU IF WHAT HE

27   STATED HERE ON THE RECORD AS HIS UNDERSTANDING IS

28   ALSO YOUR UNDERSTANDING OF WHAT THE UNDERSTANDING

2

1    IS.

2         ALL RIGHT.  WITH THAT, MR. CARMINE, WOULD YOU

3    STATE PLEASE THE COMPLETE TERMS OF THE AGREEMENT AS

4    YOU UNDERSTAND IT.

5                   MR. CARMINE:  YES, YOUR HONOR.

6         IT IS MY UNDERSTANDING THAT MR. MONGER WILL

7    ENTER A PLEA TO THE FIRST COUNT OF "NO CONTEST",

8    THAT THE DEGREE OF MURDER WILL BE STIPULATED --

9    WOULD BE MURDER OF THE SECOND DEGREE, AND THAT THE

10   BALANCE OF THE INFORMATION WOULD BE DISMISSED.

11                   MR. TRUDELL:  THAT IS MY

12   UNDERSTANDING.

13                   THE COURT:  AND THAT THE -- IF SUCH

14   A PLEA WERE ACCEPTED BY THE COURT, THAT THE SENTENCE

15   IN THE MATTER WILL BE A TERM IN THE STATE PRISON FOR

16   A TERMS OF 15 YEARS TO LIFE; IS THAT CORRECT?

17                   MR. CARMINE:  YES, YOUR HONOR.

18                   THE COURT:  AND MR. TRUDELL?

19                   MR. TRUDELL:  THAT IS MY

20   UNDERSTANDING.  THE ONLY REQUEST I HAVE IS THAT THE

21   MATTER GO OVER EIGHT WEEKS FOR A REPORT AND

22   SENTENCE.

23                   THE COURT:  ALL RIGHT.  AND

24   MR. CARMINE, ANY OBJECTION TO THAT?

25                   MR. CARMINE:  NO, YOUR HONOR.

26                   THE COURT:  ALL RIGHT.

27        MR. MONGER, AS WE HAVE INDICATED THEN, IS

28   WHAT MR. CARMINE STATED, IS THAT YOUR UNDERSTANDING

1  AS WELL, SIR?

2              THE DEFENDANT:  YES.

3              THE COURT:  AND UNDERSTAND IF I

4  ACCEPT YOUR PLEA OF NO CONTEST ON THE TERMS AND

5  CONDITIONS STATED THAT I WILL MAKE A FINDING OF

6  GUILTY IN THIS MATTER; DO YOU UNDERSTAND THAT?

7              THE DEFENDANT:  YES.

8              THE COURT:  AND UNDERSTAND FURTHER

9  IF I ACCEPT THIS PLEA THAT THE TERM FOR THIS OFFENSE

10  IS A TERM IN STATE PRISON FOR A TERM OF 15 YEARS TO

11  LIFE; DO YOU UNDERSTAND THAT, SIR?

12              THE DEFENDANT:  YES.

13              THE COURT:  AND IN TERMS OF THE

14  MATTER OF PAROLE, WITH REGARD TO THE ISSUE OF

15  PAROLE, IT WOULD BE MY DUTY TO ADVISE YOU THAT AS

16  THE EXPIRATION OF YOUR PERIOD OF INCARCERATION YOU

17  COULD BE PLACED ON PAROLE FOR THE REMAINER OF YOUR

18  LIFE OR A LESSER PERIOD, DEPENDENT AND TO BE

19  DETERMINED BY THE BOARD OF PRISON TERMS AND PAROLE.

20  IN THE EVENT OF YOUR RETENTION ON PAROLE, IF YOU

21  VIOLATE ANY PROVISION OF YOUR PAROLE GRANT, YOUR

22  PAROLE COULD BE REVOKED AND YOU WOULD BE

23  INCARCERATED FOR AN ADDITIONAL TERM IN STATE PRISON,

24  SUCH TERM TO BE DETERMINED BY THE BOARD OF PRISONS

25  TERMS AND PAROLE, DO YOU UNDERSTAND THAT?

26              THE DEFENDANT:  YES.

27              THE COURT:  AND I'M REQUIRED BY LAW

28  PURSUANT TO GOVERNMENT CODE SECTION 13967 TO IMPOSE

4

1    A RESTITUTION FINE UPON YOU FROM THE AMOUNT OF $100

2    TO $10,000. AND COUNSEL, WITH REGARD TO THIS MATTER,

3    IT WOULD BE MY INTENTION TO IMPOSE A FINE OF IN THE

4    AMOUNT OF $100.

5        MR. CARMINE, IS THERE ANY OBJECTION TO THAT?

6                MR. CARMINE: NO OBJECTION.

7                THE COURT: I WOULD TELL YOU ALSO,

8    SIR, THAT IF AT A LATER TIME IF I WERE TO WITHDRAW

9    MY APPROVAL OF THIS PLEA, THEN YOU WOULD BE

10   PERMITTED TO WITHDRAW YOUR PLEA; UNDERSTAND THAT?

11             THE DEFENDANT: YES.

12             THE COURT: ALL RIGHT. MR. TRUDELL,

13   HAVE YOU FILLED OUT THE WAIVER ON PLEA OF GUILTY OR

14   NO CONTEST FORM?

15             MR. TRUDELL: NO, I HAVEN'T.

16             THE COURT: MS. CLERK, IF YOU WOULD

17   PROVIDE HIM WITH THAT PLEASE. WE'LL BE IN RECESS

18   FOR JUST A FEW MINUTES AND GIVE YOU AN OPPORTUNITY

19   TO REVIEW THAT FORM.

20               (RECESS TAKEN.)

21             THE COURT: VERY WELL. THE COURT

22   HAS BEEN HANDED A FORM DENOMINATED WAIVER ON PLEA OF

23   GUILTY BEARING THE ACTION NUMBER 94194 AND WITH

24   RESPECT TO THIS FORM NOW, MR. MONGER, HAVE YOU

25   DISCUSSED THE CONTENTS OF THIS FORM WITH MR. TRUDELL

26   AND HAS HE EXPLAINED IT TO YOU, SIR?

27             THE DEFENDANT: YES, I HAVE.

28             THE COURT: IN TERMS OF EVERYTHING

5

1   SET FORTH ON THIS FORM, ON BOTH SIDES OF THE FORM,

2   DO YOU UNDERSTAND EVERYTHING CONTAINED THERE?

3                   THE DEFENDANT:  YES, I DO.

4                   THE COURT:  ALL RIGHT. AND WITH

5   REGARD TO THE RIGHTS THAT ARE SET FORTH AND ON THESE

6   TWO PAGES, ARE YOU WAIVING THESE RIGHTS

7   VOLUNTARILY?

8                   THE DEFENDANT:  YES.

9                   THE COURT:  AND IN TERMS OF THE

10  INITIALS IN THE BOXES ON THE FORM, ARE THOSE YOUR

11  INITIALS?

12                  THE DEFENDANT:  YES.

13                  THE COURT:  AND DID YOU SIGN THIS

14  FORM AT THE BOTTOM?

15                  THE DEFENDANT:  YES, I DID.

16                  THE COURT:  AND MR. TRUDELL, THIS IS

17  YOUR SIGNATURE AS WELL, SIR?

18                  MR. TRUDELL:  YES.

19                  THE COURT:  ALL RIGHT.  WITH REGARD

20  TO THIS MATTER THEN, MR. MONGER, I WANT TO ADVISE

21  YOU THAT YOU HAVE THE FOLLOWING CONSTITUTIONAL

22  RIGHTS BUT YOU GIVE UP THESE RIGHTS BY ENTERING A

23  PLEA OF NO CONTEST.

24      YOU HAVE A RIGHT TO A SPEEDY AND PUBLIC TRIAL

25  BY JURY, AND YOU HAVE A RIGHT TO THE ASSISTANCE OF

26  AN ATTORNEY AT ALL STAGES OF THE PROCEEDINGS.

27      YOU HAVE THE RIGHT TO CONFRONT AND

28  CROSS-EXAMINE WITNESSES THAT MIGHT TESTIFY AGAINST

```
 1    YOU AND YOU HAVE THE RIGHT TO USE THE SUBPOENA POWER

 2    OF THIS COURT TO BRING IN WITNESSES AND EVIDENCE BY

 3    WAY OF DEFENSE IF YOU CHOOSE TO DO SO.

 4         YOU ALSO YOU HAVE THE PRIVILEGE OF

 5    SELF-INCRIMINATION AND CANNOT BE FORCED TO BE A

 6    WITNESS AGAINST YOURSELF.

 7         DO YOU UNDERSTAND YOU HAVE REACH OF THESE

 8    RIGHTS AND IN ENTERING THIS PLEA YOU GIVE UP EACH OF

 9    THESE RIGHTS?

10              THE DEFENDANT:  YES, I DO.

11              THE COURT:  AND FURTHER I WOULD TELL

12    YOU IF YOU ENTER A PLEA OF NO CONTEST TO THIS CHARGE

13    AND IF THE COURT MAKES A FINDING OF GUILTY, YOU WILL

14    HAVE BEEN FOUND GUILTY OF WHAT THE STATE CALLS A

15    SERIOUS FELONY, AND IF IN THE FUTURE YOU SHOULD BE

16    CONVICTED OF ANOTHER SERIOUS FELONY, AS A RESULT OF

17    YOUR PLEA TODAY YOUR NEW SENTENCE IN THAT MATTER IF

18    SUCH WERE TO OCCUR WOULD BE INCREASED BY FIVE YEARS.

19              DO YOU UNDERSTAND THAT, SIR?

20              THE DEFENDANT:  YES, YES, I DO.

21              THE COURT:  NOW SIR, HAS ANYONE MADE

22    ANY PROMISES TO YOU TO CAUSE YOU TO ENTER YOUR PLEA

23    OF NO CONTEST EXCEPT WHAT HAS BEEN SAID HERE IN OPEN

24    COURT ON THIS RECORD?

25              THE DEFENDANT:  NO.

26              THE COURT:  HAS ANYONE THREATENED

27    YOU TO CAUSE YOU TO PLEAD NO CONTEST?

28              THE DEFENDANT:  NO.
```

7

1          THE COURT: ARE YOU PLEADING NO

2   CONTEST FREELY AND VOLUNTARILY?

3          THE DEFENDANT: YES.

4          THE COURT: ALL RIGHT, SIR.

5      MS. CLERK, IF YOU WOULD ARRAIGN THE DEFENDANT

6   AS TO HIS PLEA.

7          THE CLERK: STEVEN MATTHEW MONGER,

8   IS THAT YOUR TRUE NAME?

9          THE DEFENDANT: YES.

10         THE COURT: TO THE CRIME OF A

11  FELONY, TO WIT: MURDER, A VIOLATION OF SECTION 187

12  OF THE PENAL CODE OF CALIFORNIA, AS CHARGED IN

13  COUNT 1 OF THE INFORMATION, STIPULATED IN THE SECOND

14  DEGREE, HOW DO YOU PLEAD, GUILTY OR NOT GUILTY?

15         THE DEFENDANT: NO CONTEST.

16         THE CLERK: NO CONTEST.

17         THE COURT: VERY WELL.

18     DO BOTH PARTIES STIPULATE THERE IS A FACTUAL

19  BASIS FOR THIS PLEA?

20         MR. CARMINE: YES, YOUR HONOR.

21         THE COURT: AND MR. TRUDELL?

22         MR. TRUDELL: YES.

23         THE COURT: VERY WELL.

24     THE COURT WILL FIND THAT THERE IS A FACTUAL

25  BASIS FOR THIS PLEA, AND FURTHER THE COURT WILL MAKE

26  A FINDING OF GUILTY IN THIS MATTER AND THE COURT

27  WILL FIND THAT THE DEFENDANT HAS BEEN FULLY INFORMED

28  OF AND UNDERSTANDS HIS CONSTITUTIONAL RIGHTS AND

8

1   THAT HE HAS KNOWINGLY, INTELLIGENT, FREELY AND

2   VOLUNTARILY WAIVED THOSE RIGHTS.

3           ALL RIGHT, MR. CARMINE, DO YOU HAVE A MOTION

4   WITH REGARD TO THE REMAINING CHARGES AND ALLEGATIONS

5   IN THIS INFORMATION?

6                   MR. CARMINE:  YES, YOUR HONOR.  I

7   WOULD ASK THAT THOSE BE DISMISSED IN VIEW OF THE

8   PLEA.

9                   THE COURT:  ALL RIGHT, SIR.  THAT

10  MOTION THEN AS TO THE REMAINING COUNTS AND

11  ALLEGATIONS IN THE INFORMATION WILL BE GRANTED.

12          THIS MATTER WILL BE REFERRED TO THE PROBATION

13  DEPARTMENT FOR REPORT AND SENTENCE.

14          MR. MONGER, YOU HAVE A RIGHT TO BE SENTENCED

15  WITHIN 28 DAYS.  DO YOU WISH TO WAIVE THAT RIGHT,

16  SIR, SO THE COURT CAN SET THE MATTER BEYOND 28

17  DAYS?

18                  THE DEFENDANT:  YES, I DO.

19                  THE COURT:  IS THERE A REQUESTED

20  DATED IN THIS MATTER -- MS. CLERK.

21                  THE CLERK:  FOR NINE WEEKS IT WOULD

22  BE THURSDAY, MAY 24, 9:00 A.M. IN DEPARTMENT 6.

23                  THE COURT:  THIS MATTER WILL BE

24  CONTINUED TO MAY 24, 9:00 A.M. THIS DEPARTMENT FOR

25  REPORT AND SENTENCE.

26          ALL RIGHT. ANYTHING FURTHER, MR. CARMINE?

27                  MR. CARMINE:  WAS HE FOUND -- DID

28  YOU FIND HIM GUILTY ON THE RECORD?

9

1                    THE COURT:  YES, SIR.

2          MR.  TRUDELL, ANYTHING FURTHER?

3                    MR. TRUDELL:  NOTHING FURTHER.

4                    THE COURT:  ALL RIGHT. THANK YOU ALL

5     VERY MUCH.

6                    MR. CARMINE:  THANK YOU YOUR HONOR.

7          (WHEREUPON, THE PROCEEDINGS WERE CONCLUDED.)

8                         --o0o--

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10

1    STATE OF CALIFORNIA    )
                                        SS.
2    COUNTY OF ALAMEDA      )

3

4

5         I, CATHERINE JONES, CERTIFIED SHORTHAND

6    REPORTER, DO HEREBY CERTIFY THAT I AM AN OFFICIAL

7    REPORTER OF THE SUPERIOR COURT OF THE STATE OF

8    CALIFORNIA, IN AND FOR THE COUNTY OF ALAMEDA;

9         THAT AS SUCH I REPORTED THE PROCEEDINGS HAD IN

10   THE ABOVE-ENTITLED MATTER AT THE TIME AND PLACE SET

11   FORTH HEREIN;

12        THAT MY STENOGRAPHIC NOTES WERE THEREAFTER

13   TRANSCRIBED BY COMPUTER-AIDED TRANSCRIPTION UNDER MY

14   DIRECTION;

15        AND THAT THE FOREGOING PAGES NUMBERED 1 THROUGH

16   9 CONSTITUTE A FULL, TRUE AND CORRECT TRANSCRIPTION

17   OF MY SAID NOTES.

18        DATED THIS TWENTY-FIRST DAY OF MARCH, 1990.

19

20

21

22

                        CATHERINE JONES, CSR #6981

23

24

25

26

27

28

Steven Monger, CDCR#E-58948
P.O. Box 4000 (14-T2-Low)
Vacaville, CA 95696-4000

CALIFORNIA STATE PRISON-SOLANO

LEGAL MAIL



**CSP SOLANO
STATE PRISON**

02 1A
0004632981
MAILED FROM ZIP CODE 95687

$ **01.82**⁰

AUG 24 2007

RECEIVED

AUG 2 7 2007     PH

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

```
United States District Court
Clerk of the Court
450 Golden Gate Ave.
San Francisco, CA 94102-3483
```



1

2

3                    UNITED STATES DISTRICT COURT

4                   NORTHERN DISTRICT OF CALIFORNIA

5

6

7   STEVEN MONGER,

8              Petitioner,              No. C 07-2812 PJH (PR)

9      vs.                             **ORDER GRANTING**
                                       **PETITIONER'S MOTION FOR**
10  D. K. SISTO, Warden,               **AN EXTENSION OF TIME TO**
                                       **SHOW CAUSE**
11             Respondent.

12  _____/

13          Petitioner's motion for an extension of time to show cause why his petition should

14  not be dismissed as second or successive (document number 3 on the docket) is

15  **GRANTED**.  His response to the order to show cause shall be filed by August 27, 2007.

16          **IT IS SO ORDERED.**

17  Dated:  August 9, 2007.        _____
                                          PHYLLIS J. HAMILTON
18                                     United States District Judge

19

20

21

22

23

24

25

26

27  G:\PRO-SE\PJH\HC.07\MONGER812.EXTP.wpd

*United States District Court*
For the Northern District of California

# UNITED STATES DISTRICT COURT

## FOR THE

## NORTHERN DISTRICT OF CALIFORNIA

STEVEN MONGER,

                Petitioner,

   v.

D.K. SISTO,

                Respondent.

_____/

Case Number: CV07-02812 PJH

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 9, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Steven Matthew Monger E-58948
P.O. Box 4000
Vacaville, CA 95696

Dated: August 9, 2007

Richard W. Wieking, Clerk
By: Nichole Heuerman, Deputy Clerk

Steven Monger, CDCR#E58948
P.O. Box 4000 (14-T2-Low)
Vacaville, CA 95696-4000

**In Pro Per**

FILED

07 JUL 30 PM 12: 51

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

3 of 9

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

STEVEN MONGER,

          Petitioner,

Vs.

D. K. SISTO, Warden,

          Respondent.

_____/

No. C 07-2812-PHJ(PR)

MOTION REQUESTING AN
EXTENSION OF TIME

**TO THE HONORABLE JUDGE IN THE ABOVE ENTITLED CASE:**

The petitioner is hereby requesting an extension of time for
30 additional days in order to explain to this court that his third
petition is not a second or successive petition. Petitioner asserts
that each of his petition are totally separate and each one is a
violation of the terms of the plea in a completely different manner
and time. To demonstrate to this court that these petitions are not
second or successive the petitioner will need the additional time
to formulate his arguments.

Further, the petitioner has very limited access to the law
library at this facility due to severe overcrowding and the fact
that the petitioner has prison job assignment that prevent him from
accessing the law library except for during his off hours.

Therefore, for all of the aforementioned reasons the petitioner hereby request that this court grant his request for a 30 day extension of time. Petitioner would also like to thank this court for their time in this matter.

Respectfully requested,

Steven Monger, CDCR#E58948
In Pro Per

## VERIFICATION

I, Steven Monger, CDCR#E58948, declare that the aforementioned is true and factual. I make these declarations under the penalty of perjury and in accordance with all of the laws of the State of California. Dated this 25 day of July, 2007.

Steven Monger
In Pro Per

## PROOF OF SERVICE BY MAIL

### BY PRISONER "IN PRO PER"

I hereby certify that I am over the age of 18 years of age, that I am representing myself, and that

I am a prison inmate.

My prison address is:
Steven Monger
California State Prison - Solano
Housing: 14T2Low
P.O. Box 4000
Vacaville, California 95696-4000

On the "*date*" specified below, I served the following document(s) on the parties listed below by

delivering them in an envelope to prison authorities for deposit in the United States Mail pursuant to

the "Prison Mailbox Rule":

Case Name: In Re Monger                    Case #: 07-2812-PHJ(PR)

Document(s) Served:   Motion Requesting An Extension of Time

The envelope(s), with postage fully pre-paid or with a prison Trust Account Withdrawal Form

attached pursuant to prison regulations, was/were addressed as follows:

Department of Justice
Office of the Attorney General
455 Golden Gate Ave., Suite 1100
San Francisco, CA 94102

I declare under penalty of perjury that the foregoing is true and correct. This declaration was

executed on    July 26, 2007    , in Vacaville, California.

"date"

Signature: _____

Printed Name: Steven Monger

Stephen Monger, CDCR#E58948
P.O. Box 4000 (14T2Low)
Vacaville, CA 95696-4000

CALIFORNIA STATE PRISON-SOLANO

LEGAL MAIL

SACRAMENTO CA 957

27 JUL 2007 PM 9 L

94102+3483

United States District Court
Office of the Clerk
450 Golden Gate Avenue
San Francisco, CA 94102-3483

**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STEVEN MONGER,

                     Petitioner,                         No. C 07-2812 PJH (PR)

     vs.                                              **ORDER FOR PETITIONER TO
                                                     SHOW CAUSE WHY CASE**
D. K. SISTO, Warden,                                 **SHOULD NOT BE
                                                     DISMISSED**
                     Respondent.
_____/

     This is a habeas case which originally was filed in the United States District Court for

the Eastern District of California.  That court transferred it here.

                                        **BACKGROUND**

     In 1990 petitioner pled guilty to second degree murder.  He was sentenced to prison

for fifteen years to life.  He contends he raised the claims he presents here in state habeas

petitions.

                                        **DISCUSSION**

**A.  Standard of Review**

     This court may entertain a petition for a writ of habeas corpus "in behalf of a person

in custody pursuant to the judgment of a State court only on the ground that he is in

custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §

2254(a).

     It shall "award the writ or issue an order directing the respondent to show cause why

the writ should not be granted, unless it appears from the application that the applicant or

person detained is not entitled thereto."  *Id.* § 2243.

**United States District Court**

For the Northern District of California

**B. Venue**

Venue is proper in a habeas action in either the district of confinement or the district of conviction, 28 U.S.C. § 2241(d); however, the district of confinement is the preferable forum to review the execution of a sentence.  Habeas L.R. 2254-3(a); *Dunne v. Henman*, 875 F.2d 244, 249 (9th Cir. 1989).  Petitioner is confined in the Eastern District and was convicted in this district.

The transferring court characterized petitioner as claiming that the state "violated his guilty plea by not providing him a timely parole suitability hearing."  Such a claim would go to the execution of petitioner's sentence, hence a case involving only such a claim should be heard in the district of confinement.  In this case, however, petitioner presents not only the claim identified by the transferring court, but also contends that his plea should be "set aside" because he would not have entered into the agreement had he known that the state would not carry out its part.  That claim, essentially one that his guilty plea was not knowing and voluntary, goes to the validity of the conviction and is properly brought in the district of conviction.

Because petitioner includes a claim which goes to the conviction, because the case has already been transferred once, and because venue is not improper here, the court will retain the case.

**C. Second or successive petition**

Petitioner says that he has filed at least two other petitions in the Eastern District claiming a violation of the plea agreement.  It thus appears that this petition is second or successive.  Before a second or successive petition may be filed in the district court, the petitioner must first obtain an order from the court of appeals authorizing the district court to consider the petition.  *See* 28 U.S.C. § 2244(b)(3)(A).   Petitioner will be ordered to show cause why this petition should not be dismissed, for instance by showing that this petition is not second or successive or that he has gotten the required order from the Court of Appeals.

2

1

## CONCLUSION

2        Petitioner is ordered to show cause within thirty days of the date this order is entered

3 why this petition should not be dismissed as second or successive.  *See* 28 U.S.C. §

4 2244(b).  If he does not respond, or if his response is insufficient to avoid the requirement

5 that he get permission from the Court of Appeals, this case will be dismissed.

6

7        **IT IS SO ORDERED.**

8

9 Dated:  June <u>26</u>, 2007.        _____

10                                                    PHYLLIS J. HAMILTON
                                                     United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27 G:\PRO-SE\PJH\HC.07\MONGER812.OSC-P

**United States District Court**
For the Northern District of California

3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA


STEVEN MONGER,

             Petitioner,

  v.

D.K. SISTO,

             Respondent.

_____/

Case Number: CV07-02812 PJH

**CERTIFICATE OF SERVICE**


I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 26, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


Steven Matthew Monger E-58948
P.O. Box 4000
Vacaville, CA 95696

Dated: June 26, 2007

Richard W. Wieking, Clerk
By: Nichole Heuerman, Deputy Clerk

CLOSED, E-Filing, ProSe, TRANSF

# U.S. District Court
## California Northern District (San Francisco)
## CIVIL DOCKET FOR CASE #: 3:07-cv-02812-PJH

Monger v. Sisto

Assigned to: Hon. Phyllis J. Hamilton

Case in other court:  USDC Eastern District of California-Sacramento, 2:06-cv-2862 GEB EFB

Cause: 28:2254 Petition for Writ of Habeas Corpus (State)

Date Filed: 05/30/2007

Date Terminated: 05/21/2008

Jury Demand: None

Nature of Suit: 530 Habeas Corpus (General)

Jurisdiction: Federal Question

**Petitioner**

**Steven Matthew Monger**                              represented by   **Steven Matthew Monger**
E-58948
P.O. Box 4000
Vacaville, CA 95696
PRO SE

V.

**Respondent**

**D. K. Sisto**

| Date Filed | # | Docket Text |
|---|---|---|
| 05/30/2007 | 1 | Case transferred in from Eastern District of California (Sacramento); Case Number 2:06-cv-2862 GEB EFB. Original file with documents numbered 1-7, certified copy of transfer order and docket sheet received.. Filed bySteven Matthew Monger. (far, COURT STAFF) (Filed on 5/30/2007) (Entered: 05/31/2007) |
| 05/30/2007 |  | CASE DESIGNATED for Electronic Filing. (far, COURT STAFF) (Filed on 5/30/2007) (Entered: 05/31/2007) |
| 06/26/2007 | 2 | ORDER FOR PETITIONER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED. Signed by Judge Phyllis J. Hamilton on 6/26/07. (Attachments: # 1 Certificate of Service)(nah, COURT STAFF) (Filed on 6/26/2007) (Entered: 06/26/2007) |
| 07/30/2007 | 3 | MOTION for Extension of Time to File filed by Steven Matthew Monger. (gsa, COURT STAFF) (Filed on 7/30/2007) (far, COURT STAFF). (Entered: 08/01/2007) |
| 08/09/2007 | 4 | ORDER GRANTING PETITIONER'S MOTION FOR AN EXTENSION OF TIME TO SHOW CAUSE by Judge Phyllis J. Hamilton granting 3 Motion for Extension of Time to File (Attachments: # 1 Certificate of Service) (nah, COURT STAFF) (Filed on 8/9/2007) (Entered: 08/09/2007) |
| 08/27/2007 | 5 | Response to Order to Show Cause 2 Order bySteven Matthew Monger. (far, COURT STAFF) (Filed on 8/27/2007) (Additional attachment(s) added on 5/27/2008: # 1 Envelope) (far, COURT STAFF). (Entered: 08/28/2007) |
| 05/21/2008 | 6 | ORDER OF TRANSFER. Signed by Judge Phyllis J. Hamilton on 5/21/08. (Attachments: # 1 Certificate of Service)(nah, COURT STAFF) (Filed on 5/21/2008) (Entered: 05/21/2008) |
| 05/27/2008 | 7 | CLERK'S LETTER to the United States District Court for the Eastern District of California re transfer of case. (Attachments: # 1 Docket Sheet, # 2 Order) (far, COURT STAFF) (Filed on 5/27/2008) (Entered: 05/27/2008) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 05/27/2008 16:02:33 | | |
| **PACER Login:** | us5194 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 3:07-cv-02812-PJH |
| **Billable Pages:** | 1 | **Cost:** | 0.08 |