IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN MONGER,

     Petitioner,                       No. CIV S-06-2862 GEB EFB P

    vs.

D.K. SISTO, Warden,

     Respondent.                 FINDINGS AND RECOMMENDATIONS

_____/

       Petitioner is a state prisoner proceeding without counsel on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent moves to dismiss the action as untimely, not cognizable, and procedurally defaulted. For the reasons that follow, the court concludes that the motion to dismiss must be granted.

**I. Background**

       Petitioner is serving a sentence of 15 years-to-life following his guilty plea to second-degree murder in 1990. Pet. at 1, 5. The California Board of Parole Hearings ("BPH") denied parole to petitioner following a suitability hearing on June 22, 2004. Resp.'s Mot. to Dism., Ex. 1. The BPH scheduled petitioner's next suitability hearing for three years from that date. *Id.* At his subsequent hearing on August 8, 2007, the BPH again denied parole, this time for a period of four years. *Id.*

1  Between the 2004 and 2007 suitability hearings, petitioner filed a habeas petition in the
2  Alameda County Superior Court on August 24, 2006. *Id.*, Ex. 2. In that petition, he alleged that
3  the state was violating his plea agreement as of August 22, 2006 by not holding annual parole
4  hearings under California Penal Code § 3041.5(b)(2) and by failing to appoint a diverse cross-
5  section of the community to the BPH as required by California Penal Code § 5075. *Id.*, Ex. 2 at
6  4.[1] Petitioner contended that the state laws in place at the time of the plea agreement constituted
7  implied terms of the agreement. *Id.*, Ex. 2 at 25-28. The Superior Court denied the petition,
8  stating:

> The issues raised by Petitioner are the same or similar to those set forth in Petitioner's Petition filed November 7, 2002 and denied on January 6, 2003. Petitioner cannot simply file successive writs, raising the same issues without justification. To do so allows the Court to deny the writ without reaching the merits. In re Clark (1993) 5 Cal 4th 750. However, even considering the merits of the issues raised in the petition, Petitioner has failed to state a prima facie case for relief.

*Id.*, Ex. 3.

Petitioner subsequently filed habeas petitions in the California Court of Appeal and the California Supreme Court, which were summarily denied on September 28, 2006 and November 29, 2006, respectively. *Id.*, Exs. 5-8.

**II. Analysis**

Respondent argues that the petition should be dismissed for one of three reasons: (1) it is untimely under 28 U.S.C. § 2244(d); (2) the claims it presents are not cognizable in this federal habeas corpus action; and (3) the claims have been procedurally defaulted. The court agrees that the petition should be dismissed as procedurally defaulted for the following reasons, and accordingly does not address whether the petition is timely or fails to state cognizable claims.

Under the procedural default rule, federal courts must generally decline to review federal claims where the state court decision under review rejected the claims based on a state

---

[1] Exhibit page numbers cited herein have been obtained by hand-numbering the exhibits in order from the first page to the last.

2

procedural rule that was independent of the federal issues and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 729 (1991); *Bennett v. Mueller*, 322 F.3d 573, 580 (9th Cir. 2003). A state-law based procedural denial may be an adequate and independent state ground precluding federal review even when accompanied by a simultaneous rejection of the federal claims on their merits. *Bennett*, 322 F.3d at 580. Where the state court's rejection of a petition was based on an adequate and independent state procedural rule, a petitioner may obtain federal review only by demonstrating either (1) cause for the procedural default and prejudice or (2) that the failure to review the claims will result in a fundamental miscarriage of justice. *Id.*

For a state procedural rule to be independent, it must not be "interwoven" with federal law; that is, application of the procedural rule must not depend on an antecedent ruling on federal law (like whether federal constitutional error has occurred). *Id.* at 581. The successive petition procedural bar as applied by the Superior Court in petitioner's case does not rest on any antecedent application of federal law. *See id.* at 581-83; *In re Robbins*, 18 Cal.4th 770, 812 n.32 (1998).[2] It is accordingly an independent state ground.

For a state procedural rule to be adequate, the state law must be well-established and consistently applied. *Bennett*, 322 F.3d at 583. The California Supreme Court clearly laid out the rule barring successive petitions in *In re Clark*, 5 Cal.4th 750 (1993). Thus, the rule was well-established at the time that petitioner filed his state habeas petitions in 2002 and 2006. The successive petition bar is adequate state ground, therefore, if the state courts have consistently

---

[2] In *Bennett*, the Ninth Circuit addressed the independence and adequacy of the California rule barring untimely petitions filed after the California Supreme Court's decision in *In re Robbins*, 18 Cal.4th 770 (1998). The court concluded that the California bar on untimely petitions is independent for petitions filed after *Robbins*. *Bennett*, 322 F.3d at 581-83.

In *Robbins*, the California Supreme Court clarified that the procedural rules barring *both* untimely and successive habeas petitions are based exclusively on state law except where it is claimed that the petitioner was convicted under an invalid statute. 18 Cal.4th at 812 n.32. No such claim was made in *Bennett* nor is made in this case. Thus, *Bennett*'s reasons for concluding that the untimeliness bar is an independent state ground applies equally to the successive petition bar considered here.

applied the bar. The California Supreme Court recognized that, prior to its decision in *Clark*, the successive petition bar was not consistently applied. *Clark*, 5 Cal.4th at 768 ("Our past decisions have . . . suggested that the rule[ ] against piecemeal presentation of claims . . . [is] subject to undefined exceptions and that the court may be willing to entertain multiple collateral attacks on a judgment notwithstanding the potential for abusive writ practice."). It is unclear whether, post-*Clark*, the successive petition bar has been consistently applied. *See Bennett*, 322 F.3d at 583-84 (noting that *Clark* had attempted to set out a rule that would be consistently applied but that it was unclear whether the rule actually had been so applied).

In *Bennett*, the Ninth Circuit provided a burden-shifting framework for determining whether a state procedural bar is adequate. Under the *Bennett* framework, the state bears the initial burden of pleading the existence of an adequate state procedural ground as an affirmative defense. *Id.* at 586. Once the state does so, the burden shifts to the petitioner to assert "specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule." *Id.* If the petitioner does so, the burden then shifts back to the state to ultimately prove that the state procedural rule is nevertheless adequate. *Id.*

In this case, the state has argued that the successive petition bar is independent and adequate. Resp.'s Mot. to Dism. at 3-4. Petitioner was thus required to make some showing that the bar is inadequate. He has not done so. Instead, petitioner argues that the state's conclusion that his state petition was successive was in error as is demonstrated by this court's (provisional) conclusion that his *federal* petition was not successive. Pet'r's Opp'n to Resp.'s Mot. to Dism. at 2. As respondent points out, whether petitioner's federal petition is successive has no bearing on whether his state petition was successive. In addition, this court may not review the correctness of the state court's application of the state-law successive petition bar. *Poland v. Stewart*, 169 F.3d 573, 584 (9th Cir. 1997) ("Federal habeas courts lack jurisdiction, however,

////

to review state court applications of state procedural rules.").[3]

Because respondent has discharged its burden of pleading that the successive petition rule, on the basis of which petitioner's state petition was denied, is an independent and adequate state ground, and because petitioner has failed to discharge his burden of demonstrating the inadequacy of the successive petition bar, the motion to dismiss on the basis of procedural default should be granted.

**III. Recommendation**

Accordingly, it is hereby RECOMMENDED that:

1. Respondent's July 19, 2010 motion to dismiss be granted; and

2. The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Federal Rules Governing § 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated: February 11, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[3] Petitioner makes no argument that the procedural default should be excused for cause and prejudice or to avert a miscarriage of justice.